UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERA SUE TOTZ,

    Plaintiff,

v.                                                              Case No. 8:25-cv-147-WFJ-LSG

FIFTH THIRD BANK, N.A.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's motion to transfer this action to the United States District Court for the Southern District of Ohio based on a forum selection clause (Dkt. 26), Plaintiff's response (Dkt. 28), and the United States Magistrate Judge's report recommending that the motion be granted, and the case transferred to the Southern District of Ohio (Dkt. 31). Plaintiff timely filed objections with her affidavit attached. Dkt. 32.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

As averred in her affidavit attached to the objections, Plaintiff is 70 years old, suffers from diabetes, and serves as sole caregiver to her 89-year-old mother. Dkt. 32-1. She states that her responsibilities as caregiver prevent her from traveling. *Id.* Although Plaintiff admits that she did not file an affidavit in opposition to the motion to transfer, Plaintiff urges this Court to consider this additional evidence under Federal Civil Rule of Procedure 72(b)(3).[1] The affidavit, however, does not add any circumstances that change the Magistrate Judge's analysis.

First, Plaintiff objects on the grounds the Magistrate Judge did not adequately weigh critical facts showing enforcement of the forum selection clause would be unconscionable and unjust both procedurally and substantively. She claims the clause is the product of overreaching. This Court, however, agrees with the Magistrate Judge's reliance on *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) and *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62–64 (2013), in finding that the forum selection

---

[1] Rule 72(b)(3) concerns "resolving objections" and provides:
    The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

2

clause in this case is valid. The physical characteristics (position, type, language) of the forum selection clause do not obscure Plaintiff's ability to "become meaningfully informed of the clause." Dkt. 31 at 3 (quoting *Krenkel*, 579 F.3d at 1281). The clause was set apart in a separate paragraph, clearly labeled, and worded in understandable terms. As noted by the Magistrate Judge, this "clause is neither hidden nor ambiguous." Dkt. 31 at 4. As such, the clause was not induced by Defendant's overreaching.

    Second, Plaintiff argues that the Magistrate Judge erred in finding that transfer would not deprive Plaintiff of her day in court. She claims that her health issues, including the inconvenience of litigating outside of Florida, were unforeseeable at the time of signing the "Deposit Account Rules & Regulations." Plaintiff, as did the Magistrate Judge, relies on *Turner v. Costa Crociere S.P.A.*, 9 F.4th 1341, 1346 (11th Cir. 2021). In *Turner*, the plaintiffs were not subjected to fundamental unfairness despite that they might need to travel to Italy to pursue their claims. Even though Plaintiff now urges that it will be "practically impossible" for her to travel to Ohio (Dkt. 32 at 5), "[t]he normal inconvenience of litigating outside one's home state was *foreseeable* at the time of the agreement." Dkt. 31 at 5–6 (emphasis added). Plaintiff has failed to carry her "heavy burden" of showing that travel will be required, given the prevalence of remote proceedings today.

Finally, Plaintiff argues that the Magistrate Judge erred in finding that Florida's public policy concerns do not override a valid forum selection clause. Plaintiff has failed to articulate any strong Florida policy in protecting its consumers that would require defeating a valid forum selection clause. This case is not exceptional.

After conducting an independent examination of the file, the Court agrees with the well-reasoned and thorough analysis of the Magistrate Judge and rules as follows:

1. Plaintiff's objections (Dkt. 32) are overruled.

2. The Report and Recommendation (Dkt. 31) is adopted, confirmed, and approved in all respects and made a part of this order.

3. Defendant's motion to transfer this action (Dkt 26) is granted.

4. The Clerk is directed to effectuate transfer of this case to the United States District Court for the Southern District of Ohio and thereafter close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 21, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record